ERNEST A. STANCHFIELD *vs.* RAILWAY EXPRESS AGENCY, INCORPORATED. December 29, 1950. Order dismissing report affirmed. This is an action of tort for property damage resulting from a collision between a truck owned by the plaintiff and a truck owned by the defendant. In the District Court the judge found for the plaintiff. Certain requests for rulings presented by the defendant were denied and on a report to the Appellate Division it was held that there was no error. The defendant appealed. The requests denied were as follows: "1. On all the evidence, the plaintiff is not entitled to recover, (a) Because the operator of the plaintiff's truck was not in the exercise of due care; (b) Because there is no evidence that the operator of the defendant's truck was negligent." "5. The facts that the roads at and near the place of the collision were icy, that it was snowing lightly at the time, that it was a very cold day, that the operator of the plaintiff's truck had both side curtains on the truck closed, and that the operator did not see the defendant's truck until after the collision, are conclusive evidence that the operator of the plaintiff's truck was guilty of negligence which contributed to the accident." The judge made findings of fact to the effect that the plaintiff's truck had the right of way at the intersection, that the operator was in the exercise of due care, that the operator of the defendant's truck was negligent, and that his negligence was the cause of the accident. Nothing could be gained by a recital of the evidence. We have examined it with care and are of opinion that it would warrant the findings of the trial judge. Doubtless the judge could have found for the defendant but the evidence did not require such a finding. The denial of the rulings requested reveals no error.

*A. M. Pinkham*, for the defendant.

*W. J. Conboy*, for the plaintiff, submitted a brief.

LILLIAN M. FITZGERALD *vs.* FRANCIS J. MCCULLOUGH. December 29, 1950. Exceptions overruled. In this action of tort for the conversion of certain furniture and wearing apparel there was a verdict for the plaintiff. The defendant's only exception is to the denial by the judge of the defendant's motion to strike out the plaintiff's testimony as to value. The motion, made at the close of the plaintiff's cross-examination, was on the ground that the testimony was based upon replacement cost. The judge stated that he would instruct the jury properly at the right time that the weight of her testimony was for them to consider, and he did so instruct them. The substance of the defendant's contention seems to be that the plaintiff's testimony fell within the principle of *Sullivan* v. *Boston Elevated Railway*, 224 Mass. 405. Without recounting the testimony, it is enough to say that in our opinion the defendant's contention is not sustained by the record. There was no definite adherence to her testimony given on cross-examination in preference to that given on direct.

The case was submitted on briefs.

*D. Gorfinkle*, for the defendant.

*J. W. Flett & F. J. Johnson*, for the plaintiff.